UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELTON ADAMS, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-08545-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: ECF No. 53 |

Before the Court is Defendants' motion to dismiss. ECF No. 53.[1] The Court will grant the motion in part and deny it in part.

## I.　BACKGROUND

Plaintiffs, a group of 45 presently or formerly incarcerated individuals, bring this action on behalf of themselves and a class seeking redress for alleged injuries they suffered as a result of a July 20, 2020 incident at Correctional Training Facility (CTF) Soledad. ECF No. 34.[2]

---

[1] Defendants in this action are the California Department of Corrections and Rehabilitation (CDCR); as well as Former CTF Warden Craig Koenig, Officer J. Bojorquez, Officer B. Cope, Commanding Officer Zachary Scott Brown, Correctional Sergeant Jeffrey Dane DeAnzo, Lieutenant J. Hunter, Lieutenant Javier G. Lopez, Commanding Officer Rodolpho S. Luna, Commanding Officer Yonatan U. Cerna Martinez, Commanding Officer Nathan S. McDowell, Officer C. Mell, Assistant Chief Deputy Warden Keith E. Mensing, Captain Donald Metcalfe, Officer S. Mora, Officer H. Orozco, Sergeant Joshua Kurt Peffley, Officer Isidro P. Perez, Correctional Sergeant Cory D. Perryman, Officer J. Reed, Officer L. Scott, Officer J. Sesma, Sergeant Humberto Vera, Commanding Sergeant Arturo Villalobos, and an unknown number of other guards (Does 1-50) (collectively "Defendants"). ECF No. 34 ¶¶ 58–84.

[2] The amended complaint alleges that forty-five Plaintiffs were among the inmates targeted in the July 2020 incident: Shelton Adams, Robert Blackwell, Frederick Brinkley, Lawrence Brown, Terrence Brownlee, Danny Camel, Dwain Campbell, Maurice Caples, Anthony Chambers, Daniel Colvin, Anthony Copeland, Christopher Cox, Berlan Dicey, Ricky Duncan, Rahsaan Fitzgerald, Ricky Fontenot, Marvin Foster, Marcelle Franklin, Eric Frazier, Jonathan Hamilton, Claude Harper, Bernard Harris, Erwin Harris, Mark Harris, Rashaun Horn, Kevin Jackson, Nathaniel

Because the facts are well-known to the parties and the Court has summarized Plaintiffs' allegations in detail in its prior motion to dismiss order, ECF No. 33, the Court will not elaborate them here. To summarize, Plaintiffs allege that on July 20, 2020, forty-five Plaintiffs, all of whom are Black, were roughly awakened in the middle of the night by a group of officers, removed from their beds, and transported to a dining hall for holding and interrogation. ECF No. 34 ¶¶ 1–2, 8. Throughout the incident, the officers expressed indifference to Plaintiffs' COVID-19 safety concerns, and Plaintiffs were generally not permitted to retrieve masks, clothes, or shoes to wear. *Id.* ¶¶ 116, 779. Within approximately 10 days of the July 2020 incident, Plaintiff Lawrence Brown tested positive for COVID-19. *Id.* ¶ 190. Additionally, putative class representatives Frederick Brinkley and Shelton Adams contracted COVID-19 while housed in G-Wing in late October 2020, and November 2020, respectively. *Id.* ¶¶ 140–41, 173.

Plaintiffs plead thirteen causes of action, which include violations of Section 1983, Section 1985, Section 2000, the California Ralph Act, and the California Bane Act, as well as state law torts of assault, battery, intentional infliction of emotional distress, negligence, and negligent supervision. Defendants move to dismiss only: (1) the COVID-related claims of all Plaintiffs, other than Brown, for failure to allege a causal link between the July 2020 incident and their contracting COVID-19[3]; (2) all COVID-19 class action claims for lack of appropriate class representatives[4]; (3) the race-discrimination class claim for lack of appropriate class representatives[5]; and (4) Plaintiffs' excessive force claims brought under the Fourth Amendment.[6]

---

Johnson, Antoine Keil, Anthony King, Gary Lawless, Darreyl Lewis, Michael McCurty, Troy Mendenhall, Alexander Moss, Reginald Nettles, Joseph O'Neal, Derrice Porter, Michael Rhines, Christopher Robinson, Cedric Sanchez, Gary Sasser, Ronald Smallwood, Damon Terrell, Clifford Williams, and Quinn Wilridge. ECF No. 34 ¶¶ 11–57.

[3] Defendants state that the COVID-related claims include deliberate mass infliction of COVID-19 under Section 1983 (Claim III); deliberate mass infliction of COVID-19 under Section 1985 (Claim IV); and a state law battery class action claim (Claim X). Additionally, the Court finds that Claim V, mass physical attack and deliberate infliction of COVID-19 under Section 2000, is partially a COVID-related claim.

[4] The COVID-19 class action claims include deliberate mass infliction of COVID-19 under Section 1983 (Claim III); deliberate mass infliction of COVID-19 under Section 1985 (Claim IV); mass physical attack and deliberate infliction of COVID-19 under Section 2000 (Claim V); and a state law battery class action claim (Claim X).

[5] The race-discrimination class claim is Claim V, mass physical attack and deliberate infliction of COVID-19 claim under Section 2000.

[6] Plaintiffs brought Fourth Amendment excessive force claims under Section 1983 (Claim I) and

2

## II. JURISDICTION

As several of Plaintiffs' claims arise under Sections 1983, 1985, and 2000, this Court has subject matter jurisdiction over those claims pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' state law causes of action under 28 U.S.C. § 1367.

## III. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Dismissal under [Federal Rule of Civil Procedure] 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Facts pleaded by a plaintiff "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* As the Ninth Circuit explained in *Starr v. Baca*:

> If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6). Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is implausible. The standard at this stage of the litigation is not that plaintiff's explanation must be true or even probable.

652 F.3d 1202, 1216 (9th Cir. 2011). In determining whether a plaintiff has met this plausibility standard, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

---

Section 1985 (Claim II).

3

## IV. DISCUSSION

### A. COVID-19 Related Claims

Defendants move to dismiss the COVID-19-related claims of all Plaintiffs, except Brown, because putative class action representatives Adams and Brinkley fail to allege a temporal link between the July 2020 incident and their infection with COVID-19. ECF No. 53 at 10–12. Defendants argue that Plaintiffs' amended complaint contains "no plausible allegations that explain the large gaps of time between the raid . . . and Adams and Brinkley catching COVID months later." ECF No. 55 at 3. The crux of Plaintiffs' response is that the July 2020 incident "catalyzed a resulting viral epidemic" that gradually spread through the prison over subsequent months. ECF No. 54 at 16.

In dismissing Plaintiffs' initial complaint, the Court noted that "Plaintiffs have not provided sufficient factual content to demonstrate that Adams' or Brinkley's exposure to COVID-19 in November 2020 resulted from the July 2020 incident." ECF No. 33 at 12. In their amended complaint, Plaintiffs raise a myriad of arguments regarding the weather, the "unique pathway" of each COVID-19 infection, and how COVID-19 spread "wing-by-wing" throughout CTF Soledad before reaching G-Wing in October 2020. ECF No. 54 at 15, 17. But Plaintiffs fail to plead how Adams' or Brinkley's exposure to COVID-19 in Fall 2020 resulted from the July 2020 incident as opposed to one of the many other potential sources of that disease. Indeed, Plaintiffs concede that other sources contributed to the spread of COVID-19 at CTF Soledad between July and October 2020. ECF No. 34 ¶¶ 686–87, 694–95.

Accordingly, Plaintiffs have not plausibly alleged that Operation Akili caused them to contract COVID-19 several months later. Because this is Plaintiffs' second attempt to demonstrate causation regarding their Section 1983, Section 1985, and state battery claims, these claims will be dismissed without leave to amend. The COVID-related allegations within Plaintiffs' Section 2000 claim, which allege both mass physical attack and deliberate infliction of COVID-19, will also be dismissed without leave to amend.

### B. COVID-19 Class Action Claims

Defendants move to dismiss Plaintiffs' COVID-19 class action claims on the ground that

4

1  Adams and Brinkley are not suitable class representatives because they "have not plausibly
2  alleged a causal link between Operation Akili and their contracting COVID-19[.]"  ECF No. 53 at
3  13.  Defendants fail to identify any authority permitting the use of a motion to dismiss for failure
4  to state a claim to contest the suitability of putative class representatives, and there is an
5  abundance of caselaw to the contrary.  *See, e.g.*, *Johnson v. R&L Carriers Shared Servs., LLC*,
6  No. 2:22-CV-01619-MCS(JPR), 2022 WL 16859660, at *3 (C.D. Cal. Aug. 7, 2022) (holding that
7  arguments regarding the suitability of a class "are not appropriate for resolution on the pleadings")
8  (citing cases).

9      Perhaps Defendants intended to make a motion to strike the class action allegations.  Even
10 construing the claims in this manner, however, the Court would still deny Defendants' motion.
11 "Courts rarely grant motions to strike class allegations at the pleading stage."  *Dodson v. Tempur-*
12 *Sealy Int'l, Inc*., No. 13-CV-04984-JST, 2014 WL 1493676, at *11 (N.D. Cal. Apr. 16, 2014); *see*
13 *also In re Wal–Mart Stores, Inc. Wage and Hour Litigation*, 505 F.Supp.2d 609, 615 (N.D. Cal.
14 2007) (noting that "dismissal of class actions at the pleading stage should be done rarely and that
15 the better course is to deny such a motion because 'the shape and form of a class action evolves
16 only through the process of discovery'") (citation omitted); 7AA Charles Alan Wright, Arthur R.
17 Miller & Mary K. Kane, Federal Practice and Procedure Civil § 1785.3 (3d. 2005) (providing that
18 the practice employed in the overwhelming majority of class actions is to address class
19 certification issues only after an appropriate period of discovery).

20     Here, no motion for class certification has been filed and discovery has not yet
21 commenced.  Accordingly, Defendants' motion to dismiss Plaintiffs' COVID-19 class action
22 claims is denied.

23     **C.**    **Section 2000 Race-Discrimination Class Action Claim**

24     Similarly, Defendants argue that Plaintiffs' race-discrimination class claim should be
25 dismissed because "the putative class has dissimilar questions of law and fact, and claims that are
26 not typical of the class representatives."  ECF No. 53 at 13.

27     For the reasons just stated, this issue is better addressed as part of class certification.  The
28 Court denies the motion to dismiss the class portion of this claim.

United States District Court
Northern District of California

### D. Fourth Amendment Excessive Force Claims

Defendants contend that Plaintiffs have improperly brought their excessive force claims under the Fourth Amendment. ECF No. 53 at 14. Plaintiffs never refute this point. Instead, they argue at length that "the Fourth Amendment expresses a family of ideas," ECF No. 54 at 25, that among the Constitutional amendments, it "fits [most] comfortably with the kind of claims Plaintiffs are asserting, *id.* at 26, and that "the Fourth Amendment's excessive force standard . . . has become increasingly more sensible as the anchoring right in the custodial setting," *id.* at 30. Notwithstanding Plaintiffs' arguments based on history and public policy, it is well-established that excessive force claims by convicted inmates must be brought under the Eighth Amendment. *See, e.g.*, *Hudson v. McMillian*, 503 U.S. 1, 5–7 (1992); *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989). Thus, Plaintiffs' first and second claims are therefore dismissed with leave to amend.

### CONCLUSION

The Court grants, in part, Defendants' motion to dismiss. Three of Plaintiffs' COVID-19 related claims—Claims III, IV, and X—are hereby dismissed without leave to amend. The COVID-19 allegations within Claim V are also dismissed without leave to amend. Additionally, Claims I and II are dismissed with leave to amend.

Plaintiffs may file an amended complaint within 28 days of this order. Leave to amend is granted solely to correct the deficiencies identified in this order. Failure to timely file an amended complaint will result in dismissal of the relevant claims with prejudice.

**IT IS SO ORDERED.**

Dated: October 30, 2023

JON S. TIGAR
United States District Judge