UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELTON ADAMS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CRAIG KOENIG, et al., <br><br> Defendants. | Case No. 21-cv-08545-JST <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEVER** <br><br> Re: ECF No. 82 |

Plaintiffs are a group of 45 presently or formerly incarcerated persons who filed this action on behalf of themselves and a class seeking redress for alleged injuries they suffered as a result of a July 20, 2020, incident at Correctional Training Facility ("CTF") Soledad. ECF No. 72.[1] Defendants move to sever the action based on the second amended complaint. ECF No. 82.[2] The

---

[1] All Plaintiffs were allegedly targeted in the July 2020 incident: Shelton Adams, Robert Blackwell, Frederick Brinkley, Lawrence Brown, Terrence Brownlee, Danny Camel, Dwain Campbell, Maurice Caples, Anthony Chambers, Daniel Colvin, Anthony Copeland, Christopher Cox, Berlan Dicey, Ricky Duncan, Rahsaan Fitzgerald, Ricky Fontenot, Marvin Foster, Marcelle Franklin, Eric Frazier, Jonathan Hamilton, Claude Harper, Bernard Harris, Erwin Harris, Mark Harris, Rashaun Horn, Kevin Jackson, Nathanial Johnson, Antoine Keil, Anthony King, Gary Lawless, Darreyl Lewis, Michael McCurty, Troy Mendenhall, Alexander Moss, Reginald Nettles, Joseph O'Neal, Derrice Porter, Michael Rhines, Chris Robinson, Cedric Sanchez, Gary Sasser, Ronald Smallwood, Damon Terrell, Clifford Williams, and Quinn Wilridge. ECF No. 72 ¶¶ 13–57. Of these, three Plaintiffs—Adams, Brinkley, and Brown—were both present for the July 2020 incident and subsequently caught COVID-19. ECF No. 72 ¶¶ 13, 15–16. Plaintiff Brown also brings several claims on behalf of a putative class defined as "all inmates housed at CTF Soledad that contracted COVID-19 from July 20, 2020 to March 15, 2021," which Plaintiffs estimate comprises approximately 2,743 people. ECF No. 72 ¶¶ 812–13.

[2] Defendants in this action are the California Department of Corrections and Rehabilitation; as well as Warden Craig Koenig, Commanding Officer Brown, Commanding Officer Luna, Commanding Officer Y. Martinez, Commanding Officer McDowell, Officer J. Bojorquez, Officer B. Cope, Correctional Sergeant Jeffrey Dane DeAnzo, Lieutenant J. Hunter, Lieutenant Javiar G. Lopez, Officer C. Mell, Assistant Chief Deputy Warden Keith E. Mensing, Captain D. Metcalfe,

Court will grant the motion as to Plaintiff Lawrence Brown and deny the remainder of the motion.

## I. LEGAL STANDARD

"Under Federal Rule of Civil Procedure 20(a), permissive joinder of plaintiffs 'is proper if (1) the plaintiffs assert a right to relief arising out of the same transaction and occurrence and (2) some question of law or fact common to all the plaintiffs will arise in the action.'" *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013) (quoting *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000)). "Even once these requirements are met, a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." *Coleman*, 232 F.3d at 1296 (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980)). "If joined plaintiffs fail to meet both of [the Rule 20(a)] requirements, the district court may sever the misjoined plaintiffs, as long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). Courts can remedy misjoinder by dismissing claims without prejudice to the filing of individual actions. *Visendi*, 733 F.3d at 870–71.

"The court may also sever any claim against a party." Fed. R. Civ. P. 21. A district court has "broad discretion" when deciding whether to sever a party's claims. *Coleman*, 232 F.3d at 1297. "The general philosophy of the joinder provisions of the federal rules is to allow virtually unlimited joinder at the pleading stage but to give the district court discretion to shape the trial to the necessities of the particular case." 7 Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1660 (3d ed. 2019). *See also* Fed. R. Civ. P. 42 ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.").

---

Officer S. Mora, Officer H. Orozco, Sergeant J.K. Peffley, Officer Isidro P. Perez, Correctional Sergeant Cory D. Perryman, Officer J. Reed, Officer L. Scott, Officer J. Sesma, Sergeant Humberto Vera, Commanding Sergeant Arturo Villalobos, and an unknown number of other guards and state law enforcement agents (Does 1–50). ECF No. 72 ¶¶ 58–84.

**II.    DISCUSSION**

    **A.    Brown**

Defendants move to sever Plaintiff Brown from this action. ECF No. 82 at 6–7. Defendants argue Brown should be severed from the remaining 44 Plaintiffs because he is "the only class representative and is the only Plaintiff alleging claims related to contracting COVID," so the "discovery, elements of his claims, damages, and legal procedures are extremely dissimilar from any other Plaintiff in this case and there are minimal, if any, similar questions of fact or law that can [be] resolved in [a] single suit." ECF No. 82 at 6.

Plaintiffs do not meaningfully address Defendants' arguments. Instead, they argue that the Court should not sever his claims because "the Court should consider the interplay of the Covid class aspect of the case," meaning that the Court will be required to determine whether to certify a class before Brown's case can be tried. ECF No. 85 at 18. Plaintiffs further argue that "Brown's case is especially important to this country's understanding of COVID-19, especially in terms of how the government manages its own functions." *Id.*

Plaintiffs' second argument that Brown's case is important to understanding the government's management of COVID-19 is irrelevant to the question of severance, and the Court does not discuss it further.

Plaintiffs' first argument, that the Court must resolve class certification of Brown's claims prior to trial, does not weigh against severance. If anything, it weighs in favor of severance because severing Brown's COVID-19-based class action from the remaining 44 Plaintiffs who bring individualized excessive force claims would promote judicial efficiency and permit better judicial management of the separate, individual claims. *See Coleman*, 232 F.3d at 1296–97 (finding that the district court did not err in severing the action because it "weighed the interests of judicial efficiency and found them outweighed by the potential prejudice to" the plaintiff-appellants). Nor have Plaintiffs identified any substantial right that could be prejudiced by severance of Brown's claims. *Coughlin*, 130 F.3d at 135. Accordingly, the Court will exercise its Rule 21 authority to sever and dismiss, without prejudice, the claims of Brown, and this action

will proceed with only the remaining 44 Plaintiffs.[3]

### B. Severance by Cellmate Pairs

Defendants also move to sever the remaining 44 Plaintiffs into 34 separate cases: 10 cases for the 20 plaintiffs who "ha[ve] a cellmate who is also a Plaintiff," and 24 for each of the remaining plaintiffs. ECF No. 82 at 3. They argue that although the remaining Plaintiffs bring the same claims, each plaintiff "alleges different degrees of force, applied through different conduct by different Defendants in different locations at different times, and a wide range of differing injuries that require their own medical analyses." *Id.* at 6. They thus contend that "[l]itigating multiple Plaintiffs' claims that have dissimilar witnesses and evidence will result in extremely complicated discovery, voluminous and disjointed motion practice, and a nearly impossible trial." *Id.* Conversely, "cellmate severance is most likely to result in cases that share witnesses and involved parties." *Id.* Furthermore, Defendants argue that without a severance, "Plaintiffs will be able to access information unique to their claims, but there is a high probability that specific Plaintiffs might have access to information that other Plaintiffs cannot review, complicating document production." ECF No. 86 at 4. Finally, Defendants propose in the alternative to sever the remaining Plaintiffs based on the housing wings of the prison they resided in during the July 20, 2020, incident. *See* ECF No. 82 at 3.

Plaintiffs respond that "there was no impropriety in Plaintiffs' decision to file a joint action, and yet recognizing that 45 Plaintiffs' claims cannot be logistically adjudicated in a single trial, the real question is merely one of case management." ECF No. 85 at 16. Plaintiffs further argue that "judicial efficiency demands that some mechanism address the logistic challenge of resolving 45 individual cases," *id.* at 17, but "the Court is not under any time-sensitive imperative . . . to commit to a specific procedural structure at this time," *id.* at 22.

The Court agrees with Plaintiffs. Plaintiffs are properly joined here because their claims

---

[3] "'[W]hen a court 'severs' a claim against a [party] under Rule 21, the suit simply continues against the severed [party] in another guise.'" The statute of limitations is held in abeyance, and the severed suit can proceed so long as it initially was filed within the limitations period." *Rodriguez v. Anderson*, No. 2:20-CV-01914-AR, 2022 WL 16541254, at *2 (D. Or. Oct. 3, 2022) (quoting *Corley v. Google, Inc.* 316 F.R.D. 277, 293 (N.D. Cal. 2016)), *report and recommendation adopted*, No. 2:20-CV-01914-AR, 2022 WL 16529521 (D. Or. Oct. 28, 2022).

1  all arise from the events of a single occurrence—the July 20, 2020, incident at CTF Soledad. *See*
2  *Visendi*, 733 F.3d at 870. As the Court previously found, their claims involve common questions
3  relating to what "Defendants intended, knew, or should have known" going into the incident. *See*
4  ECF No. 33 at 8. And while managing discovery of this many individual plaintiffs and defendants
5  will require some effort, Defendants have not adequately explained why this would be
6  impracticable—particularly when all Plaintiffs and all Defendants are each represented by the
7  same counsel—or why discovery for 34 parallel cases would be any more efficient. Instead, it
8  seems likely that managing discovery jointly for all 44 plaintiffs would be *more* efficient. Any
9  challenges relating to the confidentiality of discovery unique to individual plaintiffs can be
10 resolved through a protective order.

11 To be sure, all parties agree that an ultimate *trial* of 44 individual plaintiffs would be
12 infeasible. *See In re Facebook, Inc., PPC Advert. Litig.*, 282 F.R.D. 446, 452 (N.D. Cal. 2012),
13 *aff'd sub nom. Fox Test Prep v. Facebook, Inc.*, 588 F. App'x 733 (9th Cir. 2014) (explaining that
14 courts generally find that a class comprising 40 more members makes it too large to make joinder
15 practicable and thus makes a class action preferable). But the Court is not persuaded that
16 Defendants' proposal of 34 separate trials is the right way to address that challenge. Nor need the
17 Court decide that question now; the better approach is for the Court to wait until after discovery
18 and summary-judgment briefing have taken place. The Court thus denies Defendants' motion for
19 severance of the 44 remaining Plaintiffs for pre-trial purposes. The Court will revisit the question
20 of severance for the purposes of trial at a later stage in this action.

## CONCLUSION

22 For the foregoing reasons, the Court grants, in part, Defendants' motion to sever. The
23 Court will sever and dismiss all claims of Plaintiff Lawrence Brown. This case will proceed with
24 Plaintiffs Shelton Adams, Robert Blackwell, Frederick Brinkley, Terrence Brownlee, Danny
25 Camel, Dwain Campbell, Maurice Caples, Anthony Chambers, Daniel Colvin, Anthony Copeland,
26 Christopher Cox, Berlan Dicey, Ricky Duncan, Rahsaan Fitzgerald, Ricky Fontenot, Marvin
27 Foster, Marcelle Franklin, Eric Frazier, Jonathan Hamilton, Claude Harper, Bernard Harris, Erwin
28 Harris, Mark Harris, Rashaun Horn, Kevin Jackson, Nathanial Johnson, Antoine Keil, Anthony

1  King, Gary Lawless, Darreyl Lewis, Michael McCurty, Troy Mendenhall, Alexander Moss,
2  Reginald Nettles, Joseph O'Neal, Derrice Porter, Michael Rhines, Chris Robinson, Cedric
3  Sanchez, Gary Sasser, Ronald Smallwood, Damon Terrell, Clifford Williams, and Quinn
4  Wilridge.  The Court denies the remainder of Defendants' motion consistent with this order.  As
5  there will likely be overlapping discovery between the two cases, discovery taken in one case is
6  admissible in both, unless otherwise agreed by the parties or ordered by the Court.

Brown and the remaining Plaintiffs are directed to file separate complaints by March 28, 2025.  The clerk is directed to schedule a case management conference for May 23, 2025 at 1:30pm, with case management statements due from the parties by May 16, 2025.

The Court sets the following briefing schedule relating to the motion for class certification in the *Brown* class action:

| FILING | DATE |
| --- | --- |
| Motion for Class Certification | February 26, 2027 |
| Plaintiffs' Disclosure of Experts | February 26, 2027 |
| Defendants' Opposition | April 23, 2027 |
| Plaintiffs' Reply | June 18, 2027 |

**IT IS SO ORDERED.**

Dated:  February 3, 2025



JON S. TIGAR
United States District Judge