UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELTON ADAMS, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>CRAIG ALAN KOENIG, et al.,<br><br>        Defendants. | Case No. 21-cv-08545-JST   (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 143, 175, 177 |

On November 4, 2025, the Court held a hearing to address whether a protective order should be entered. *See* dkt. 169. During that hearing, the Court made it clear that a protective order was warranted and ordered the parties to further meet and confer as to the terms of the protective order. The Court further thought the protective order approved in *Williams v. California Department of Corrections and Rehabilitation*, No. 21-cv-09586, would be appropriate in this case.

Having met and conferred, Defendants now seek the entry of a protective order. Dkt. 175. Plaintiffs oppose. Dkt. 176. Defendants present good cause, *see* dkt. 143 at 4–6,[1] and the Court finds that "specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). Balancing the public and private interests, and taking into account Plaintiffs'

---

[1] Page numbers correspond to the ECF page numbers at the top of each page.

objections, *see* dkts. 147 & 176, the Court finds that a protective order is merited here. *See Phillips*, 307 F.3d at 1211 (citing *Glenmede Trust Co. v. Thompson,* 56 F.3d 476, 483 (3d Cir. 1995) (laying out factors)).

Further, as discussed at the November 4th hearing, *see* dkt. 169, and after review of Plaintiffs' objections, *see* dkt. 176, the Court now orders that a protective order — modeled on dkt. 76 in *Williams* — be entered in this case.

Consistent with this order, by December 5, 2025, if the parties are now able to file a stipulated protective order, they should do so. Otherwise, Defendants shall, using the *Willliams* protective order as a model, submit a case-specific order for the Court's approval, specifically removing any reference to a stipulation throughout and including language that the Court has found good cause.

\* \* \*

Additionally, Defendants seek additional time to respond to Plaintiffs' Special Interrogatories. *See* dkt. 177 at 3–4. Plaintiffs oppose, arguing that by February 13, 2026, they must identify their bellwether plaintiffs. *Id.* at 1–3. Defendants seek additional time for discovery, but oppose an extension of the February 13, 2026, deadline. *Id.* at 3. The Court observes that the real dispute appears to be the February 13, 2026, deadline, which can only be decided by Judge Tigar.

There is, however, a ripe discovery dispute. Defendants' responses to Plaintiffs' Special Interrogatories were due on November 14, 2025. *Id.* Defendants explain why they cannot complete their responses by the due date, *id.* at 3–4, and indeed that date has now lapsed. Defendants, however, can respond to the outstanding interrogatories, and Plaintiffs have their reasons not to move the deadline. *See id.* at 1–3. Therefore, the Court finds no good

cause to move the original deadline. Defendants must respond within fourteen days of the date of this order. Those responses may not be complete. The Court takes no position at this time on the sufficiency of any response and notes only that Defendants can supplement their responses as needed and required. *See* Fed. R. Civ. P. 26(e)(1).

**IT IS SO ORDERED.**

Dated: November 24, 2025

Alex G. Tse
United States Magistrate Judge