UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELTON ADAMS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CRAIG ALAN KOENIG, et al.,<br><br>    Defendants. | Case No. 21-cv-08545-JST<br><br>**ORDER OVERRULING OBJECTION TO MAGISTRATE DISCOVERY ORDER**<br><br>Re: ECF No. 185 |

On September 8, 2025, the Court referred this case to Magistrate Judge Tse for the purpose of conducting a discovery conference and determining "the precise discovery each party will take to enable that party to select its proposed bellwether plaintiffs." ECF No. 142. After receiving a total of four separate proposals from the parties, ECF Nos. 145, 146, 179, 180, and conducting a hearing, Judge Tse issued an order "adopting Defendants' proposed plan to limit discovery prior to selections of bellwether plaintiffs to the D-Wing." ECF No. 185 at 2. On December 16, 2025, Plaintiffs filed an objection to Judge Tse's order, which is now before the Court. ECF No. 190.

A magistrate judge's discovery order may be modified or set aside if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "The 'clearly erroneous' standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." *Yanikian v. Allstate Ins. Co.*, No. 16-CV-03030-BRO(PJWX), 2017 WL 11634978, at *2 (C.D. Cal. Jan. 6, 2017) (citation modified). "When a discovery order centers on a magistrate's determination of relevance, 'the standard of review in most instances is not the explicit statutory language, but the clearly implicit standard of abuse of discretion.'" *Equal Emp. Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484–85 (N.D. Cal. 2014) (citation modified).

"Plaintiffs oppose limiting discovery to any particular wing and argue that '[d]iscovery will narrow naturally once the bellwether decision is made.'" ECF No. 185 at 2 (quoting ECF No. 180 at 4). They argue that Judge Tse's plan "will . . . heighten the risk that an unintelligent bellwether selection will be made by Plaintiffs and thereby reduce or negate the chance that the result of the first test trial will be seen as sufficiently educational to justify resolving the remainder of cases." *Id.* at 2. They also complain that there should be no limits on discovery until they have obtained the names of all the guards who participated in extracting incarcerated men from their cells during the Operation Akili raid. *Id.* at 5–9.

The Court finds no clear error or abuse of discretion.[1] Judge Tse found Plaintiffs' position to be "untenable," given that it was neither "workable" nor "reasonable." *Id.* Having read Plaintiffs' submissions to Judge Tse, the Court agrees. Plaintiffs failed to offer a structure of any kind to govern discovery, making it impossible to "identify[] the precise discovery each party will take to enable that party to select its proposed bellwether plaintiffs." ECF No. 142.

The Court therefore overrules Plaintiffs' objection and adopts the Defendants' proposed discovery plan to limit discovery prior to selection of bellwether plaintiffs to the D-Wing.

**IT IS SO ORDERED.**

Dated: January 5, 2026

JON S. TIGAR
United States District Judge

---

[1] The Court would reach the same result under a *de novo* standard of review.