UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIE UNDERWOOD,

    Plaintiff,

    v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS & REHABILITATION
(CDCR), et al.,

    Defendants.

Case No. 24-cv-04399-JST

**ORDER GRANTING MOTION TO
CONSOLIDATE CASES**

Re: ECF No. 66

Before the Court is Plaintiff's motion to consolidate the instant case with *Adams v. California Department of Corrections & Rehabilitation*, 21-cv-8545-JST. ECF No. 66. The instant case is a single plaintiff case raising similar claims as the *Adams* mass tort action. *Id*. at 2. In addition to consolidating this case with *Adams*, Underwood requests that "the Court . . . place Mr. Underwood's case on the Adams litigation schedule," i.e., vacate the case schedule in Underwood's case and proceed only with the bellwether trial schedule in *Adams*. ECF No. 66 at 4. Defendants do not oppose the motion. ECF No. 74.

A district court may consolidate actions that "involve a common question of law or fact . . . . " Fed. R. Civ. P. 42(a). "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989). In deciding whether to consolidate actions, "a court must balance the savings of time and effort consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result." *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) (citing *Burrus v. Turnbo*, 743 F.2d 693, 694 (9th Cir. 1984)).

United States District Court
Northern District of California

These cases involve largely overlapping facts and legal theories and are brought against the same principal defendant.  No party opposes consolidation.  Accordingly, the Court GRANTS the motion to consolidate the two actions.  *Adams v. California Dep't of Corrections & Rehabilitation*, Case No. 21-cv-8545-JST, and *Underwood v. California Dep't of Corrections & Rehabilitation*, Case No. 24-cv-04399-JST shall be consolidated both for purposes of trial and all pre-trial proceedings, including discovery.  *Underwood* shall be subject to the existing schedule in *Adams* and all other deadlines in *Underwood* are vacated.  Any future filings related to either of these matters shall be made under only the lead case number, Case No. 21-cv-8545-JST.  The clerk is ordered to administratively close 24-cv-04399-JST.

**IT IS SO ORDERED.**

Dated:  July 14, 2026

_____

JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

2