United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHELTON ADAMS, et al.,
Plaintiffs,

v.

CRAIG ALAN KOENIG, et al.,
Defendants.

Case No. 21-cv-08545-JST

**ORDER DENYING MOTION FOR LEAVE TO AMEND; SCHEDULING ORDER**

Re: ECF No. 165

Before the Court is Plaintiffs' motion for leave to amend. ECF No. 165. The Court will deny the motion.

## I. BACKGROUND

Plaintiffs are a group of 44 current or former prisoners housed at the Correctional Training Facility Soledad ("CTF") who filed this action on behalf of themselves and a class seeking redress for alleged injuries they suffered as a result of a July 20, 2020, incident at the facility called Operation Akili. ECF No. 91 (Third Amended Complaint) ¶¶ 1–11. In the incident, "[m]ost of the inmates, including Plaintiffs, were forcefully dragged out of bed, and in the process, pushed, shoved, choked, slammed, beaten, and/or otherwise battered by guards, which resulted in various personal injuries, psychological torment, and other economic and non-economic damage." *Id.* ¶ 8. Plaintiffs bring claims for (1) violation of 42 U.S.C. § 1983 (Eighth Amendment); (2) U.S.C. § 1985 (Eighth Amendment); (3) racial discrimination under 42 U.S.C. § 2000d; (4) discrimination-based violence under the Ralph Act, California Civil Code § 51.7(b)(1); (5) violation of the California Bane Act; (6) assault; (7) common law battery; (8) intentional infliction of emotional distress; (9) negligence; and (10) negligent supervision. ECF No. 91 ¶¶ 760–911.

This case was filed on November 3, 2021. ECF No. 1. The Court granted in part a motion

to dismiss and a motion to sever on December 28, 2022, ECF No. 33, and Plaintiffs filed a first amended complaint on January 25, 2023, ECF No. 34. The Court partially granted a motion to dismiss, and Plaintiffs filed their second amended complaint on April 1, 2024. ECF Nos. 60, 72. Plaintiffs filed the third amended complaint on March 28, 2025, which is the operative complaint. ECF No. 91.

On September 30, 2025, Plaintiffs filed a fourth amended complaint without seeking leave of court, and Defendants moved to strike it. ECF Nos. 149, 153. Plaintiffs then filed a motion for leave to file a fourth amended complaint on October 15, 2025 and withdrew their previous proposed complaint. ECF No. 156. Defendants opposed that motion. ECF No. 157. Plaintiffs again withdrew their motion for leave to amend and filed the motion to amend now before the Court on November 4, 2025. ECF No. 165. Defendants opposed the motion on November 18, 2025, and Plaintiffs filed a reply on November 22, 2025. ECF Nos. 178, 181. The Court granted a motion to consolidate *Underwood v. CDCR*, 24-cv-4399-JST with this case on July 14, 2026. ECF No. 211

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Court considers five factors in deciding whether to grant leave: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint. *In re Western States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). Leave is granted with "extreme liberality," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003), but "not automatically." *Western States*, 715 F.3d at 738.

## IV. DISCUSSION

Plaintiffs seek to add approximately 65 new defendants and an unknown number of new allegations and claims. Defendants oppose the motion on grounds of futility, undue delay, and

prejudice. ECF No. 178. The Court will deny the motion on futility grounds without reaching Defendants' other arguments.

"An amendment is futile when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citation modified). "Under Rule 15(a), '[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.'" *Allen v. Bayshore Mall*, No. 12-cv-02368-JST, 6441504 WL 2013, at *5 (N.D. Cal. Dec. 9, 2013) (quoting *Foman*, 371 U.S. at 182). For this reason, "[d]enial of leave to amend on [futility grounds] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *GMAC Mortgage LLC v. Nevada Ass'n Servs., Inc.*, No. 2:13-cv-01157-GMN-NJK, 2018 WL 487101, at *2 (D. Nev. Jan. 5, 2018) (internal citations and quotations omitted). In the appropriate case, however, denial on futility grounds is appropriate. *See, e.g., United States for use & benefit of Source Helicopters, Div. of Rogers Helicopters, Inc. v. Sayers Constr., LLC*, No. 219CV1602JCMEJY, 2020 WL 3643431, at *3 (D. Nev. July 6, 2020); *Akinola v. Severns*, No. 3:14-CV-00222-HDM, 2015 WL 456535, at *2 (D. Nev. Feb. 2, 2015).

As an initial matter, the Court will deny the motion because it does not know what relief Plaintiffs are seeking. Plaintiffs did not file a redlined copy of the fourth amended complaint, and their motion does not identify the proposed amendments with specificity. The fourth amended complaint is 195 pages long and attaches an additional 50 pages of exhibits. ECF No. 165-2. It is not the Court's job to compare that document to its predecessor and identify all the proposed changes. Plaintiffs' failure to identify the particular amendments they seek and the reasons for them is sufficient grounds by itself to deny the motion. *See Sedillo v. Johnson*, No. CIV. 2:08-00782 JMS, 2009 WL 5215593, at *1 (E.D. Cal. Dec. 28, 2009) (denying leave to amend in part because plaintiff "provided no explanation of how he proposes to amend his claims").

The Court has, however, been able to discern that the fourth amended complaint names 65 correctional officers as new defendants. It does not allege that these defendants violated

Plaintiffs' rights, only that they *might* have done so. Paragraph 61 is illustrative:

> Defendant 2, Alyssa Aguirre. Defendant Alyssa D. Aguirre is a CDCR correctional officer and was identified as involved in Operation Akili in an October 21, 2025 disclosure by the Office of Inspector General. It is therefore plausible that she was one of the guards who extracted one or more the inmates in a violent and excessive fashion. Even if she did not, she is potentially liable as a person who supervised the event (*Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011)), conspired to conduct it in the illegal fashion that it was carried out (42 U.S.C. § 1985(3)), or performed acts that aided, assisted, or enabled the wrongs complained of herein (*Meyers v. Redwood City*, 400 F.3d 765, 767 (9th Cir. 2004); *Casey v. U.S. Bank*, 127 Cal.App.4th 1138, 1144 (2005)). She is believed to be either a resident of this judicial district or otherwise subject to personal jurisdiction in this court.

ECF No. 165-2 ¶ 61. Plaintiffs have added defendants, not because they *did* participate in the alleged wrongdoing, but to determine *if* they participated in it. Plaintiffs' motion confirms this. ECF 165 at 24 ("The contemporaneous Fourth Amended Complaint names all 101 known Akili participants, in what has become the necessary procedure to systematically determine what happened as soon as possible, in light of CDCR's discovery positions.").

These allegations are not sufficient to require defendants to answer. The proposed amendments allege no specific facts about the proposed defendants and simply speculate, on the basis of their involvement in Operation Akili in some way, that all the named officers either were *potential* participants in the extraction of the prisoners or *potentially* failed to stop the extraction of the prisoners. The complaint alleges that since CDCR cannot identify which individual officer extracted each plaintiff, it is "plausible" that each of the proposed defendants was a "guard who extracted one or more inmates in a violent and excessive fashion," or in the alternative that they are potentially liable for permitting or not stopping the extractions. *See e.g.* ECF No. 165-1 ¶ 89. "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). These "speculation[s] and conclusive assertions are insufficient to withstand a Rule 12(b)(6) motion to dismiss." *Galindo v. BSI Fin. Servs., Inc.*, No. 17-CV-00021-LHK, 2017 WL 1036735, at *7 (N.D. Cal. Mar. 17, 2017). The allegations in the proposed complaint amount to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 557; *see also*

*Ponomarenko v. Shapiro*, 287 F. Supp. 3d 816, 830 (N.D. Cal. 2018) (dismissing a claim that failed to identify the defendant's wrongdoing and merely recited the elements of the statute).

Plaintiffs assert that their amended complaint satisfies the pleading standards, citing *Howard v. City of Los Angeles*, 2016 WL 11969808, at *2 (C.D. Cal. Jul. 27, 2016). That case is not helpful to Plaintiffs. In *Howard*, plaintiff clearly alleged that each of the defendant officers was present and participated in the altercation with plaintiff. *Id.* Plaintiffs' fourth amended complaint makes no such allegation. Instead, Plaintiffs allege that 100 officers *could have* been responsible for either extracting or failing to prevent the extraction of Plaintiffs. "Because the proposed amended complaint would be subject to dismissal, the Court finds that the amendment would be futile." *Curevo, Inc. v. Choe*, No. C19-0572RSL, 2019 WL 5693788, at *3 (W.D. Wash. Nov. 4, 2019) (citation modified); *Evox Prods. LLC v. Chrome Data Sols., LP*, No. 3:16-CV-00057-JR, 2019 WL 3495848, at *4 (D. Or. June 26, 2019) (holding that "leave to amend can be denied as futile where the proposed amendments would not survive a motion to dismiss" (citation omitted)), *report and recommendation adopted*, No. 3:16-CV-00057-JR, 2019 WL 3467858 (D. Or. July 31, 2019).

**CONCLUSION**

For the foregoing reasons, the Court denies Plaintiffs' motion for leave to file a fourth amended complaint.

Given Plaintiffs' numerous prior amendments, the Court also finds it appropriate to set a deadline to amend the pleadings for purposes of establishing a good cause requirement under Rule 16(b)(4) of the Federal Rules of Civil Procedure. That deadline is August 18, 2026.

**IT IS SO ORDERED.**

Dated: August 11, 2026

JON S. TIGAR
United States District Judge